UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESTERN WORLD INS. CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-8635** |
| **NOAH N. FLOM & NNF PROPERTIES, LLC** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **12(b)(1) Motion to Dismiss or Alternatively Motion to Stay**, Rec. Doc. 4, is **DENIED**.

## BACKGROUND

Plaintiff, Western World Insurance Company ("WW"), invoking the court's diversity jurisdiction, has filed a complaint for declaratory relief, seeking a declaratory judgment that it owes no defense and indemnity to its insured, Noah N. Flom and NNF Properties, (hereinafter, collectively "Flom"), for a mold claim brought in state court by a Flom tenant. The tenant, Jessica Wilkes, alleges damages from mold exposure in a Flom property ("state court suit").[1] WW contends that the claims in the state court suit are excluded by a mold exclusion in the subject policy. Notably, WW is not a party in the underlying state court damage petition.

In the instant motion, Flom has moved to dismiss the declaratory judgment action, arguing (1) that this court lacks jurisdiction, because the allegations of the underlying petition do

---

[1]The state court suit is captioned <u>Jessica Wilkes v. Noah N. Flom, NNF Properties, LLC, Luke Jones and P&M Equities, Inc. d/b/a Re/Max N.O. Properties</u>, No. 2018-7381, pending in the Civil District Court for the Parish of Orleans.

not support a finding that the amount in controversy is facially apparent; and (2) that this court should abstain from ruling on the case and stay it pending resolution of the state court action. WW opposes the motion.

For the reasons which follow, the motion is denied.

## DISCUSSION

*1.      12(b)(1) Motion to Dismiss/Amount in Controversy*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Pursuant to 28 U.S.C. § 1332, both complete diversity of citizenship and an amount in controversy of at least $75,000.00 is required to establish jurisdiction over the subject matter. Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010).

In an action for declaratory or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252–53 (5th Cir.1998). The "value of the right to be protected is plaintiff's potential liability under that policy." Id. at 1253 (internal quotations omitted). Thus, to determine the amount in controversy in this case, the court must consider whether WW's potential liability exceeds $75,000, which is determined with reference to the state court petition against Flom. See Etheridge v. Piper Aircraft Corp., 559 F.2d 1027, 1028 (5th Cir. 1977). If it appears that the value of a potential judgment against Flom, plus the amount WW would spend providing a defense to Defendant in state court is greater than $75,000, then

the amount in controversy is met.

This burden can be satisfied either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied. <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir.1995). If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy. <u>Id.</u> at 1336.

In the instant case, WW alleged in its complaint for declaratory judgment that it is facially apparent from the petition that its potential liability exceeds $75,000. Flom has countered arguing that the amount in controversy is not facially apparent, and thus WW must come forward with summary judgment-type evidence to establish it, which it has failed to do.

A review of the state court petition reveals that plaintiff Wilkes alleges she suffered damages as a result of mold and fungal exposure in a property owned by Flom. Specifically, Wilkes alleges that she began to experience respiratory problems and irritation on both arms in the form of rashes and lesions after moving into the leased property. Over the course of several months, she went to several doctors to evaluate the lesions and rashes. Due to her declining health, she missed many days of work and eventually was unable to work. She experienced asthma attacks, constantly wheezed, and developed additional lesions on her arm. She continued to seek medical treatment, biopsies, lung scans, and different tests from multiple practitioners when her condition did not improve. A professional was hired to conduct a mold test of the property, which revealed a significant amount of mold spores her the bathroom and bedroom. As a result, she was forced to abandon the property. She returned to her infectious disease doctor

3

several times who indicated that her rash appeared fungal, and determined that Aspergillus was present in her skin lesions.

Wilkes continues to experience medical problems associated with her exposure to mold and fungus. She has been unable to complete her schooling and internship because of her health condition, and has been forced to defer her schooling and internship. Because of her condition, family and friends are frightened to be near or in contact with her, which has significantly affected her mental health. She anticipates the need for future medical care as well. Based on these alleged injuries, Wilkes seeks damages for past, present, and future physical pain and suffering; past, present, and future mental anguish and emotional distress; disfigurement and embarrassment; physical impairment; loss of past and future earnings; lost earning capacity; physical and mental disabilities; past, present, and future medical care, convalescence, mental and physical therapy and all other health care expenses; loss of enjoyment of life; and fear of cancer and other diseases. Thus, the court finds that it is facially apparent that the Wilkes' alleged damages, if proven, will likely exceed the jurisdictional minimum.

2.  *Motion to Stay/Abstention*

Flom also seeks to have this case stayed under the abstention doctrine, citing Wilton v. Seven Falls Ins. Co., 515 U.S. 277 (1995). District courts possess "broad discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." Id. at 282. In ruling on whether to abstain from adjudicating a declaratory judgment action, the Fifth Circuit in St. Paul Ins. Co. v.Trejo, identified seven non-exhaustive factors courts should consider:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," . . . and [7] . . . whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590–91 (5th Cir. 1994).

The first Trejo factor, whether the issue presented to the court in a declaratory judgment action is already being litigated in a pending state court suit, is "of paramount concern." See, e.g., Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC, 2013 WL 5755641, at *3 (E.D. La. Oct. 23, 2013). If there is no pending state court suit, that fact strongly favors retaining jurisdiction because there are no overlapping legal or factual issues, thus eliminating concerns about duplicative litigation and preclusive effects. Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 373 (5th Cir.1998).

Agora presented similar facts, in that an insurer had sought a declaratory judgment of no liability in federal court, while a state court suit was pending against its putative insured in which it had not been named. Finding that the district court abused its discretion in abstaining from exercising jurisdiction, the Fifth Circuit noted: "Agora is not a party to the state court liability suit, it is not a party in any pending state proceeding related to these events, and it could only bring the insurance issues before the state courts by affirmatively intervening in the pending liability action or commencing a separate, independent declaratory judgment action in state

5

court." Id. at 373. Where there is no identity of parties, there can be no parallel proceedings. Id., citing Wilton, 515 U.S. at 290. Thus, when an insurer has not been named in the state court action, and seeks only a ruling on insurance coverage, not a liability determination regarding the merits of the state court action, the first factor strongly favors retaining jurisdiction and abstention should not apply.

In the present case, WW has not been named as a defendant in the state court suit, and despite Flom's argument that WW could have been named in the state court suit, the factor weighs against abstention, because since WW has not, in fact, been named in the state suit, and coverage is not an issue in the state suit, there is no parallel proceeding and no risk of duplicative coverage litigation.

The second and third factors, whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant or engaged in improper forum shopping, also do not support abstention in this case. These factors "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 391–92 (5th Cir. 2003). However, by their nature, "[d]eclaratory judgments are often 'anticipatory,' appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation." Id. Otherwise, there would be no reason to seek a declaration of rights. In the case of declaratory judgments related to insurance coverage, the coverage question usually does not arise in the absence of an underlying action which potentially exposes the insurer to liability. Accordingly, "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the

declaratory judgment action by the federal court." Id. at 397.

As for impermissible forum shopping, more than one proper venue may be available to a plaintiff, requiring him to choose a forum. Id. at 391-92. An out-of-state plaintiff who invokes diversity jurisdiction is in keeping with the traditional justification for diversity jurisdiction, which is to protect out-of-state defendants. Id. at 399. In the instant case, the same state law will apply to the issues whether they are resolved in state or federal court, so it cannot be concluded that WW brought its action in federal court in search of more favorable law. To the contrary, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself anticipatory litigation or otherwise abusive 'forum shopping.'" Id. at 391. Accordingly, the foregoing factors do not weigh in favor of abstention.

With respect to whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, whether the federal court is a convenient forum for the parties and witnesses, and whether retaining the lawsuit in federal court would serve the purposes of judicial economy, these also mitigate against abstention. Because there is no parallel state court proceeding, there is no basis to conclude that inequities would result from WW receiving a declaratory judgment in federal court prior to a state court ruling on the merits. The two proceedings involve separate issues between different parties. The parties appear not to dispute that both the state and federal forum are equally convenient for parties and witnesses. With respect to judicial economy, because the issues in the present case are distinct from the state law proceeding, there is no risk of a duplication of judicial effort. Moreover, as the Fifth

7

Circuit has found, in some cases, a federal court's resolution of a coverage question sometimes enhances judicial economy, by "potentially reducing the number of issues the state court might have to address." Canal Ins. Co. v. Smith, 208 F.3d 1006 (5th Cir. 2000)(unpub'd).

With respect to the final Trejo factor, this court is not being called on to construe a judicial decree, and thus it is inapplicable. Thus, it appears that the Trejo factors do not favor abstention in this case, and the matter should not be stayed. Accordingly,

**IT IS ORDERED** that defendants' **12(b)(1) Motion to Dismiss or Alternatively Motion to Stay**, Rec. Doc. 4, is **DENIED**.

New Orleans, Louisiana, this  9th  day of January, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**